# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT WILT,<br><br>    Plaintiff,<br><br>    v.<br><br>DR. GREENLEAF, et al.,<br><br>    Defendants. | Case No. 1:15-cv-00154-BAM-PC<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>SECOND AMENDED COMPLAINT DUE IN THIRTY DAYS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1] Currently before the Court is Plaintiff's June 19, 2015, first amended complaint, filed in response to the May 28, 2015, order dismissing the original complaint and granting Plaintiff leave to file an amended complaint.

## I.

## SCREENING REQUIREMENT

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on February 6, 2015. (ECF No. 5.)

1

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or that "seek monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir.2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012)(citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Mule Creek State Prison, brings this action against correctional officials employed by the CDCR at Avenal State Prison, where the events at issue occurred. Plaintiff names the following individuals as Defendants: Dr. Greenleaf, M.D.; S. Hitchman,

M.D.; M. Boparai, M.D.   Plaintiff claims that Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.

Plaintiff alleges that while incarcerated on a previous prison term, he was diagnosed with epilepsy, chronic low back pain, asthma and dyslipidemia.  Plaintiff's course of treatment included Morphine and Gabapentin.  Plaintiff alleges that in 2013, while at Avenal, he was seen by Dr. Greenleaf, who was assigned as Plaintiff's primary care physician.  During Dr. Greenleaf's initial evaluation of Plaintiff, he noted the inclusion of the record from Plaintiff's previous term as well as Plaintiff's limited mobility.  As part of the examination, Plaintiff was directed to perform "basic movements."  Plaintiff "experienced and expressed severe pain in his extremities and lower back." (Am. Compl. ¶ 12.)   Dr. Greenleaf explained to Plaintiff that he needed corrective surgery, which was unlikely, but that Plaintiff could be treated with pain medication.  Dr. Greenleaf told Plaintiff that Morphine and Gabapentin were medically indicated.

In November 2013, Plaintiff was informed, after a consultation with Defendant Chief Medical Executive Boparai, that the Morphine and Gabapentin prescriptions would be rescinded, due to a policy that they should only be prescribed in life-threatening situations.  Plaintiff filed an inmate grievance regarding the rescission of the prescription.  Plaintiff was interviewed by Defendant Dr. Hitchman.  Dr. Hitchman "explained to plaintiff that he had previously spoken to Dr. Greenleaf and M. Boparai regarding his complaint and had already concluded that plaintiff was not in further need of treatment for his pain management.  S. Hitchman also stated that because plaintiff was able to walk the short distance from his housing unit to the clinic without the use of a wheelchair, that his range of movement must be characterized as 'typical and within normal limits.'" (Id. ¶ 14.)

Plaintiff attaches as an exhibit to his original complaint a copy of the response to his inmate grievance from the Inmate Correspondence and Appeals Branch of California Correctional Health Care Services.[2]   The response is dated June 4, 2014, and indicates that on

---

[2] The Court is not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint.  See Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002); Steckman v. Hart Brewing, 143 F.3d 1293, 1295-96 (9th Cir. 1998).

3

January 29, 2014, Plaintiff was evaluated by his primary care provider, who noted that Plaintiff's back pain was improving. Plaintiff was seen by his primary care for other issues from March 3 through May 7, 2014. On May 13, 2014, the primary care provider indicated that Plaintiff had physical therapy earlier in the year. The response indicates that Plaintiff is continuing to receive pain medications as deemed medically indicated by the primary care provider and that "it appears that there is no current evidence to indicate that the PCP determined your condition warrants morphine or gabapentin at this time."

## III.

## DISCUSSION

### A.  Eighth Amendment

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)(quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096. A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," Simmons v. Navajo County Ariz., 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Jett, 439 F.3d at 1096.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980)(citing

Estelle, 429 U.S. at 105-106). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). Additionally, a prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Here, Plaintiff's conclusory allegation that Defendants were deliberately indifferent to his serious medical needs is unsupported by specific allegations of conduct by each Defendant that constitutes deliberate indifference. Plaintiff's central claim is that he was denied Morphine and Gabapentin for his pain. The allegations of the complaint, however, do not indicate that Defendants failed to address Plaintiff's medical concerns. As noted above, a disagreement over the course of Plaintiff's treatment does not constitute deliberate indifference within the meaning of the Eighth Amendment. Plaintiff's own exhibits indicate that he is continuing to receive pain medication, and that his primary care physician determined that his condition does not warrant Morphine or Gabapentin. Plaintiff has not alleged facts indicating that any of the Defendants knew of and disregarded a serious medical condition of Plaintiff's. That Plaintiff believes that he should receive different pain medication does not constitute deliberate indifference.

The standard for an Eighth Amendment medical care claim is high. Taking as true allegations that Defendants should have prescribed a different medication, Plaintiff has alleged, at most, negligence. As noted, even gross negligence is insufficient to state a claim for relief under the Eighth Amendment. Plaintiff must allege facts that support his conclusory allegation that each individual Defendant knew of an objectively serious medical condition of Plaintiff's and disregarded that condition. Plaintiff has not alleged any facts indicating that any of the individual Defendants were aware of a condition that, in the opinion of a medical professional, constituted a serious medical condition. The allegations of the first amended complaint indicate that Plaintiff was treated, that Plaintiff disagreed with the course of treatment, and he filed an

1 inmate grievance.  Such allegations fail to state a claim for relief under the Eighth Amendment.
2 The first amended complaint should therefore be dismissed.  The Court will, however, grant
3 Plaintiff one further opportunity to file an amended complaint that corrects the deficiencies
4 identified by this order.  Plaintiff is again advised that he cannot state a claim by alleging facts
5 indicating that he disagreed with a medical professional over the course of his treatment.
6 Plaintiff must allege facts indicating deliberate indifference, as that term has been defined in this
7 order.

## IV.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's first amended complaint fails to state a claim upon which relief may be granted.  Plaintiff is granted leave to file a second amended complaint within thirty (30) days.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)(no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678.  "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in and of itself without reference to the prior or superseded pleading," Local Rule 220.  "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

6

1. The Clerk's Office shall send to Plaintiff a civil rights complaint form;

2. Plaintiff's first amended complaint, filed June 19, 2015, is dismissed for failure to state a claim;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint or a notice of voluntary dismissal; and

4. If Plaintiff fails to file a second amended complaint in compliance with this order, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim and to obey a court order.

IT IS SO ORDERED.

Dated: **February 2, 2016**        /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE