# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT WILT,<br><br>            Plaintiff,<br><br>    v.<br><br>DR. GEENLEAF, et al.,<br><br>            Defendants. | Case No.  1:15-cv-00154-BAM-PC<br><br>ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY A COURT ORDER, AND FAILURE TO PROSECUTE<br><br>(ECF NO. 13)<br><br>FOURTEEN-DAY DEADLINE |

   Plaintiff  Robert Wilt  is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1]

   On February 2, 2016, the Court dismissed Plaintiff's January 29, 2015, complaint with leave to amend within thirty days. (ECF No. 13.)  Plaintiff was warned that if he failed to file an amended complaint in compliance with the Court's order, this action would be dismissed for failure to obey a court order and failure to state a claim. (Id. at 7:7.)  The deadline for Plaintiff to file his amended complaint has passed, and he has not complied with or otherwise responded to the Court's order.

   Local Rule110 provides that "[f]ailure . . . of a party to comply with these Rules or with

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on February 6, 2015.  (ECF No. 5.)

1

any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District Courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions, including, where appropriate, . . . dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)(dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130-33 (9th Cir. 1987)(dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).

The Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. This action has been pending since January 29, 2015. Plaintiff has made no attempt to contact the Court or otherwise comply with the Court's February 2, 2016, order. The Court cannot hold this case in abeyance awaiting such compliance by Plaintiff. The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "consideration of the alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132-133; Henderson, 779 F.2d at 1424. The Court's February 2, 2016, order granting Plaintiff leave to amend his complaint expressly stated: "If Plaintiff fails to file a first amended complaint in compliance with

this order, this action will be dismissed for failure to obey a court order and for failure to state a claim." (ECF No. 13 at 7:7.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance with the Court's order.

Accordingly, IT IS HEREBY ORDERED that Plaintiff shall show cause, **within fourteen (14) days** of service of this order, why this action should not be dismissed based on Plaintiff's failure to comply with the Court's February 2, 2016, order, for failure to state a claim, and for failure to prosecute.

IT IS SO ORDERED.

Dated:   **March 18, 2016**            /s/ Barbara A. McAuliffe            
                                   UNITED STATES MAGISTRATE JUDGE