# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT WILT,<br><br>  Plaintiff,<br><br>  v.<br><br>DR. GREENLEAF, et al.,<br><br>  Defendants. | Case No. 1:15-cv-00154-BAM-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL AND DENYING REQUEST TO STAY THIS ACTION<br><br>(ECF NO. 17) |

Plaintiff Robert Wilt a state prisoner appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On April 28, 2016, Plaintiff filed a motion for the appointment of counsel. (ECF No. 17.) Plaintiff has not previously sought the appointment of counsel. Plaintiff also seeks to stay this action until he has been released from the custody of the California Department of Corrections and Rehabilitation.

Plaintiff is advised that there is no constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require any attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the

1  complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

2      In the present case, the Court has considered Plaintiff's moving papers, but does not find
3  the required exceptional circumstances. LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987);
4  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). Plaintiff is proceeding on a claim of
5  deliberate indifference to his serious medical needs, and has thoroughly set forth his arguments
6  in the complaint filed in this action. Plaintiff argues that he is unable to find counsel to represent
7  him. In forma pauperis status alone does not alone entitle Plaintiff to appointed counsel. That it
8  is difficult for Plaintiff to obtain counsel does not constitute exceptional circumstances.

9      Plaintiff also seeks to stay this action pending his release from state prison. Plaintiff
10 makes no argument or showing as to why this action should be stayed other than the
11 inconvenience of incarceration. Plaintiff is advised that the Court will not stay this action
12 pending Plaintiff's release from custody. Plaintiff initiated this action, and is responsible for
13 prosecuting it. The fact of incarceration does not justify a stay of this action.

14     While a pro se litigant may be setter served with the assistance of counsel, so long as a
15 pro se litigant, such as Plaintiff in this instance, is able to "articulate his claims against the
16 relative complexity of the matter," the "exceptional circumstances" which might require the
17 appointment of counsel do not exist. Rand, 113 F.3d at 1525 (finding no abuse of discretion
18 under 28 U.S.C. §1915(e) when district court denied appointment of counsel despite fact that pro
19 se prisoner "may well have fared better – particularly in the realm of discovery and the securing
20 of expert testimony.") Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for the
21 appointment of counsel and motion for stay of this action is DENIED.

IT IS SO ORDERED.

23     Dated:   **May 2, 2016**          /s/ *Barbara A. McAuliffe*
                                                            UNITED STATES MAGISTRATE JUDGE